UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE P. OLSEN,

          Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

          Defendant.

Case No. C17-5945 JCC

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony, lay witness statements, and several medical opinions. Dkt. 11. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

I.     BACKGROUND

Plaintiff is currently 34 years old, has a high school education, and has worked as a warehouse worker. Administrative Record (AR) 26-27. In July 2014 plaintiff applied for benefits, alleging disability as of January 2012. AR 97. Plaintiff's applications were denied initially and on reconsideration. AR 67, 68, 95, 96. After an Administrative Law Judge (ALJ) conducted a hearing in May 2016, the ALJ issued a decision finding plaintiff not disabled. AR

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

35, 15-28.

II.    THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the January 2012 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: major depressive disorder, anxiety disorder/post-traumatic stress disorder, and substance addiction disorder in remission.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels. He can understand and remember simple instructions. He has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal workday and workweek with normal breaks and may be off task five percent of the time or less. He should have only occasional, brief, superficial interaction with the general public and coworkers, and is able to accept supervision.

**Step four:** Plaintiff can perform past relevant work as a warehouse worker.

**Step five:** In the alternative, as there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

AR 17-28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

III.    DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

### A. Medical Opinions

A treating physician's opinion is entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

### 1. Landon Poppleton, Ph.D.

Plaintiff contends the ALJ erred by failing to include in the RFC "Dr. Poppleton's opinion that Olsen needs special supervision to be able to work [and] would need to work with a behavioral health provider in order to be able to start working." Dkt. 11 at 7. What Dr. Poppleton actually wrote was that plaintiff "could work a low demand job, such as stocking shelves and janitorial work with supervision. He would benefit from such work given his conditions, and should work with a behavioral health provider to start working." AR 791. Dr. Poppleton did not mention "special" supervision. He did not state that plaintiff could not work until he had a behavioral health provider; in fact he stated plaintiff "could work." The ALJ gave Dr. Poppleton's opinions "significant weight" and reasonably translated them into an RFC limiting plaintiff to simple, routine work with an ability to accept supervision. AR 23, 19. An ALJ is permitted to translate medical opinions into an RFC formulation, "where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The Court concludes the ALJ did not err in incorporating Dr. Poppleton's opinions into the RFC.

### 2. Sandy Niehm, FNP

Plaintiff argues the ALJ erred by rejecting Ms. Niehm's "opinion" that plaintiff was "unable to tolerate a job."[3] Dkt. 11 at 9 (quoting AR 812). Ms. Niehm wrote in a December 2015 treatment note that plaintiff "presents for follow up on anxiety, difficulty with thought process, depression, and paranoid behavior. He remains unable to tolerate a job and has

---

[3] The Commissioner argues that Ms. Niehm was not qualified to opine on the ultimate issue of disability. Dkt. 12 at 13. While an ALJ need not accept a medical opinion as to the ultimate issue of disability, she must still provide legally sufficient reasons, supported by substantial evidence, to reject it. *Reddick*, 157 F.3d at 725.

upcoming social security hearing. Will call mother to attain [sic] name of lawyer." AR 812. In context, the inability to tolerate a job appears to be plaintiff's self-report rather than Ms. Niehm's opinion. Even if it is considered an opinion, the ALJ reasonably gave it "little weight" because Ms. Niehm "did not explain the basis for her statement." AR 23. An ALJ need not accept a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Plaintiff argues that the basis for the statement is that plaintiff appeared anxious and made minimal eye contact during the appointment and that Ms. Niehm treated plaintiff for many years with psychotropic medication. Dkt. 11 at 9. Impairments that are effectively treated are not disabling. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Thus the medication is not relevant; it is the impairments that persist despite treatment that must be evaluated. And minimal clinical findings such as anxious appearance and minimal eye contact are insufficient to support such extreme limitations as a complete inability to work. Plaintiff attempts to add more weight to Ms. Niehm's statement by arguing that findings by Michael Domash, M.D., that plaintiff appeared nervous and had paranoid thought content are "consistent with Ms. Niehm's opinion." Dkt. 11 at 10. But the Court does not reweigh the evidence or substitute its judgment for the ALJ's. *See Thomas*, 278 F.3d at 954. Moreover, such mild clinical findings cannot support a complete inability to work.

The Court concludes the ALJ did not err by rejecting Ms. Niehm's statement.

### 3. Darlene Terry, Counselor

In plaintiff's file from the Washington state Division of Vocational Rehabilitation (DVR), a report by "Business Specialist" Darlene Terry states that plaintiff "has serious functional limitations in the areas of work tolerance and interpersonal. [Plaintiff] is diagnosed with PTSD, Anxiety, and Depression. He is paranoid and suspicious [and] becomes nervous

around people and his social anxiety prevents him from engaging in everyday activities." AR 847; *see* AR 867. Nothing in the record suggests that Ms. Terry is a medical source of any kind. *See* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j). While her statement might be categorized as a lay witness statement, it does not describe what she has personally witnessed.[4] This is not the type of "significant probative evidence" that an ALJ is required to address in her decision.[5] *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). The ALJ did not err by failing to address Ms. Terry's statements.

### 4. Other Medical Evidence

Plaintiff also offers a lengthy recitation of some of the medical evidence in the record. *See* Dkt. 11 at 2-10. He summarily concludes that "the ALJ's failure to properly evaluate all of the medical evidence is harmful error…." Dkt. 11 at 10. The Court does not reweigh the evidence, so this recitation with no substantive legal argument is of little value. *See Thomas*, 278 F.3d at 954. Because plaintiff has not explained any specific errors with respect to the medical evidence recitation, the Court will not address it further. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

**B.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence

---

[4] Plaintiff asserts that a DVR Intake Summary notes flattened affect and reduced eye contact, but that document is authored by Emilie Ruehs, not Ms. Terry. *See* AR 879.

[5] The ALJ addressed the DVR report as a whole, although not the statements that plaintiff characterizes as Ms. Terry's opinions. *See* AR 24-25.

establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified that he cannot work because of his mental health. AR 42-43. He has "been real afraid to go places" but is now "doing okay" because he takes medication. AR 43. Even on a "normal day" his "anxiety gets [him] real nervous…." AR 49. Plaintiff reported that he "get[s] confused" and has "memory loss." AR 298. The ALJ discounted his testimony because objective findings and his activities were not consistent with the alleged severity of his limitations, his symptoms improved with treatment, and his work with DVR shows he believes he can work in some capacity. AR 21, 24, 25. All but the last reason are valid.

Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of Social Security benefits. *Warre*, 439 F.3d at 1006. When the ALJ asked if his medications were effective, plaintiff testified that "they do work, yeah." AR 44 ("Ambien I use that for my insomnia and, you know, it works. [A]nd the Zyprexa it calms me down."). This was a clear and convincing reason, supported by substantial evidence, to discount plaintiff's testimony that his mental health symptoms are disabling.

Plaintiff's activities were another clear and convincing reason to discount his testimony. An ALJ may discount a claimant's testimony based on daily activities that either contradict his testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff grocery shops for about an hour every week, shops at thrift stores, and takes a daily five-minute walk to get the mail, contradicting his testimony that he is afraid to go places and that his anxiety is disabling. AR 47.

While symptom testimony cannot be rejected on the "sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's" symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). The ALJ cited extensive clinical findings that were normal or only mildly abnormal. For example, plaintiff's mental health treatment provider, Ms. Niehm, typically found he had normal mood, affect, thought content, and orientation. *See*, *e.g.*, AR 762, 766, 772, 797. Dr. Poppleton found plaintiff could follow a conversation and follow directions and had normal orientation and fund of knowledge, although he struggled with concentration and memory tasks. AR 790. Substantial evidence supports the ALJ's finding of a lack of supporting objective evidence, and this was a valid additional reason to discount plaintiff's symptom testimony.

Plaintiff's work with DVR was not, however, a valid reason to discount his testimony. Holding oneself out as available for full-time work is inconsistent with disability allegations, but holding oneself out as available for part-time is not. *Carmickle*, 533 F.3d at 1161-62. Plaintiff testified he was trying to get part-time work. AR 50. Regardless, because the ALJ's remaining reasons are valid, providing an improper reason is harmless error. *Carmickle*, 533 F.3d at 1163.

The Court concludes the ALJ did not err by discounting plaintiff's symptom testimony.

**C.     Lay Witness Statements**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's mother reported that plaintiff "gets confused, forgets, needs reminding" and is "afraid sometimes to go out…." AR 278. The ALJ discounted her testimony as inconsistent with plaintiff's activities and objective evidence. AR 25. These were germane reasons, supported by substantial evidence. Plaintiff's ability to shop

in grocery and thrift stores regularly and take daily walks contradicts his mother's testimony that he is afraid to go out. AR 47. The largely normal clinical findings discussed above undermine plaintiff's mother's testimony of disabling limitations.

The Court concludes the ALJ did not err by discounting plaintiff's mother's testimony.

IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 26th day of November, 2018.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9